UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IRIS CRUZ PAZ, individually and as next
friend of S.E.V., a minor,

               *Plaintiffs/Petitioners*,

       -*against*-

SCOTT LLOYD, Director, Office of Refugee
Resettlement; STEVEN WAGNER, Acting
Assistant Secretary for the Administration for
Children and Families, U.S. Department of
Health and Human Services; ALEX AZAR,
Secretary, U.S. Department of Health and
Human Services; ELCY VALDEZ, Federal
Field Specialist, Office of Refugee
Resettlement,

                 *Defendants*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/18

18 Civ. 8993 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    This case is about a 14-year old girl from Honduras, S.E.V., who has been detained by the Office of Refugee Resettlement ("ORR") for two months at Children's Village in Dobbs Ferry, New York, despite the willingness and ability of her mother, Iris Cruz Paz, to care for her. Ms. Cruz Paz was granted asylum in 2017, has applied for her lawful permanent residency, and resides in Queens, New York.

    S.E.V. was included on Ms. Cruz Paz's application for asylum, and Ms. Cruz Paz was working to bring her to the United States. In July 2018, however, S.E.V. fled to the United States from violence in Honduras. She has been held at Children's Village since July 30, 2018.

    S.E.V.'s release has apparently been delayed by a new ORR policy requiring parents to be fingerprinted as a prelude to a home study which has to be conducted before detained children

1

may be released to them. Though Ms. Cruz Paz and her partner were fingerprinted six weeks ago, the home study was not conducted until this week. Respondents have stated that ORR is now awaiting the completion of home study before releasing S.E.V. to her mother. Respondents do not allege that Ms. Cruz Paz is unfit to care for S.E.V., nor that S.E.V. poses any danger. Ms. Cruz Paz is currently pregnant and nearing her delivery date. She wishes for S.E.V. to return to her care before her brother is born and out of concern for S.E.V.'s wellbeing.

## DISCUSSION

### I. Standards

#### A. Temporary Restraining Order

In the Second Circuit, the standard for entry of a TRO is the same as for a preliminary injunction. *See Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, No. 17-CV-06761-KPF, 2017 WL 4685113, at *1 (S.D.N.Y. Oct. 17, 2017) (Crotty, J.). A party seeking entry of a TRO or preliminary injunction must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Id.* (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).)

### II. Analysis

S.E.V., a 14-year old who fled violence in Honduras and seeks to be reunited with her mother who was previously granted asylum, and her mother Ms. Cruz Paz, will suffer irreparable harm from S.E.V.'s continued detention absent injunctive relief. *See L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 618 (S.D.N.Y. June 27, 2018) (Crotty, J.). Ms. Cruz Paz reports that S.E.V. has been subject to mistreatment and violence from other children during her detention at Children's Village, causing her to re-live trauma she experienced in Honduras. (Cruz Paz Decl. ¶¶ 13–14.)

2

Ms. Cruz Paz is nearing the final days of a high-risk pregnancy and is worried that she will be unable to visit or pick up her daughter from Children's Village once she goes into labor. Prolonging the detention of S.E.V. will cause irreparable harm to both daughter and mother.

Petitioners have also established a likelihood of success on the merits of their claims for relief under Wilberforce Trafficking Victims Protection Reauthorization Act, the Administrative Procedure Act, the *Flores* Settlement, or the Due Process Clause. This Order does not foreclose the government from seeking to enforce its policies and procedures for ensuring the safety of an unaccompanied minor's release before placement in a sponsor's home.

The balance of equities and public interest strongly favor Petitioners, who wish for S.E.V. to be released from detention and reunited with her mother.

## **CONCLUSION**

For the foregoing reasons, the motion for a temporary restraining order is GRANTED and S.E.V. shall be immediately returned to Ms. Cruz Paz.

Dated: New York, New York
October 5, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge